UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JUDY F.,[1] | Case No. 5:19-cv-02225-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Judy F. ("Plaintiff") filed a Complaint on November 20, 2019, seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issue in dispute on July 13, 2020. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

# BACKGROUND

Plaintiff protectively filed for DIB on April 7, 2016, alleging disability commencing August 15, 2015. AR 29, 59-60, 170-71. On July 19, 2018, after her applications were denied initially (AR 74) and on reconsideration (AR 82), Plaintiff, represented by counsel, testified via video hearing in Moreno Valley, California, before an Administrative Law Judge ("ALJ") presiding in Albuquerque, New Mexico. AR 29, 48-62. A vocational expert ("VE") also testified telephonically. AR 48-49, 62-67.

On September 24, 2018, the ALJ issued a decision concluding Plaintiff was not disabled. AR 29-40. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 32. The ALJ found Plaintiff had severe impairments of: "fibromyalgia/myalgia/polyneuropathy with diffuse pain"; chronic fatigue syndrome; plantar fasciitis bilateral feet; and obesity. AR 32-34. The ALJ also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (AR 34-35), and she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) [2]:

> [E]xcept [Plaintiff] is able to lift, carry, push, and pull up to twenty pound occasionally and ten pounds frequently . . . . [Plaintiff] can

---

[2] "Light work" is defined as
lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

stand and/or walk four hours in an eight-hour day. [Plaintiff] can sit six hours in an eight-hour day. [Plaintiff] requires a sit/stand option at 30 to 45[-]minute intervals, for 3 to 5 minutes at a time, during which period she may remain on task. [Plaintiff] may occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. [Plaintiff] may never climb ladders, ropes and scaffolds. [Plaintiff] may occasionally reach and work overhead with the upper extremities. [Plaintiff] must avoid more than occasional exposure to extreme cold, extreme heat, and vibration. [Plaintiff] should avoid all exposure to hazards such as dangerous moving machinery and unsecured heights. [AR 35-36.]

Considering Plaintiff's age, education, work history, RFC, and the VE's testimony, the ALJ found she was capable of performing her past relevant work as claims examiner (Dictionary of Occupational Titles 241.267-018). AR 39-40. Thus, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act, from August 15, 2015, through the date of the decision. AR 40. Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the agency's final decision. AR 1-6.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504

F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds.

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B.      The Five-Step Sequential Evaluation**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th 2020); Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's

4

impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. § 404.1520(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at steps one through four to show she is disabled or meets the requirements to proceed to the next step and bears the ultimate burden to show she is disabled. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110. However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

**III.**

# DISCUSSION

The parties present one disputed issue: whether the ALJ properly rejected Plaintiff's testimony concerning pain, symptoms, and limitations. Jt. Stip. at 4.

## A. Applicable Law

Where a claimant produces objective medical evidence of an impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity" of the symptoms. Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Id. at 885 (citation omitted). But if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ's finding may be upheld even if not all the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

## B. Subjective Symptom Evidence

### 1. Written Submissions

To support her application for benefits, Plaintiff submitted disability reports, function reports, and a third-party function reports from her husband. AR 198-204, 210-17, 220-28, 232-39, 243-58, 262-68.

### 2. July 2018 Hearing Testimony

Plaintiff's testimony at the July 2018 hearing is summarized as follows. She worked as a state disability claims examiner for 23 years. AR 52. She stopped in August 2015 because her job involved typing, which caused her

neck and shoulder muscles to tighten on the left side, triggering migraines requiring medication; she also took Gabapentin, which would cause her to fall asleep at her desk. Id. When she became drowsy, she would hide in a stall in the ladies room, once having been caught in the stall snoring. AR 52.

Plaintiff described pain caused in part by fibromyalgia and in part by arthritis. AR 53. She was first diagnosed with fibromyalgia in 2008 or 2011, a condition that causes muscle and generalized fatigue, muscle soreness, and some joint pain. Id. She also experiences allodynia, which she explained as "if I'm having a flare up of my fibromyalgia and somebody goes to put their hand on my arm or shoulder or any place it causes pain." Id. The condition flares at least once a month, sometimes more depending on her activity around the house, but less frequently than when she worked. AR 54-55. When the condition is not flaring, her pain level can be three. AR 55. With a flare, it can range from eight to ten and may last one to two days. Id. She can experience pain anywhere in her body, but mostly primarily in her extremities. AR 53-54.

Since she stopped working, she no longer has migraines from typing, but still has migraines about once a month, with level-eight pain. AR 55. She also experiences chronic fatigue, sleeping some days for almost the entire day without a reason for being tired. Id. She normally sleeps six to eight hours. AR 56. Certain activities fatigue her: gardening, vacuuming, extensive dusting, dish washing, and laundry. Id. She used to walk her dogs for exercise, but it became too difficult. AR 60. Her plantar fasciitis will cause tiredness and pain in her feet if she stands long. AR 56. She has to sit before she can continue on her feet. AR 56. Occasionally she will also have pain when she sits, such as when she sits in a firm office chair. AR 56.

Sometimes she feels defeated because she is unable do things and "go[es] off into like another world" and will just sit there. AR 57. She has been taking Sertraline for depression for about three years. AR 57. She would like to take

part in therapy, but each time she has tried it in the past, she became frustrated and discontinued it. AR 57.

She takes medication for blood pressure and that symptom is under control, but her doctor recently had to increase her dosage. AR 57.

On an average day, she can be on her feet for 30 to 45 minutes before she must sit, lie down, or change position. AR 58. She cannot sit for longer than two hours. AR 58. She can lift a gallon of milk from the refrigerator and pour it, but only about three times a day. AR 58-59.

Her doctor has treated her fibromyalgia with Cymbalta, Lyrica, and Savella. AR 54. Cymbalta made her nauseous and affected her focus, Lyrica gave her an anxiety attack, and Savella elevated her blood pressure, so those were discontinued. AR 54. She currently takes Gabapentin. AR 54, 56.

She has not worked since August 2015, when she had used all her vacation time, her state disability was about to expire, and she realized she could not go back to work. AR 60.

C. **Analysis**

The ALJ reviewed Plaintiff's hearing testimony and function reports. AR 36. The ALJ found her medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements "concerning the intensity, persistence[,] and limiting effects of [the] symptoms" were not entirely consistent with the medical evidence and other evidence in the record. AR 37. Specifically, the ALJ found: (1) Plaintiff's testimony was inconsistent with the record as a whole; (2) there was a lack of noteworthy mental status deficits; (3) the record was devoid of ongoing formal mental health treatment; (4) there was a lack of noteworthy physical deficits; (5) her pain was controlled; and (6) she worked for many years despite having fibromyalgia since 2008 or 2011. AR 37-38.

Preliminarily, the Court notes that Plaintiff did not give the Agency an

opportunity to correct the error alleged here. Plaintiff's brief before the Appeals Council does not present any argument regarding the ALJ's assessment of Plaintiff's testimony, instead focusing on the ALJ's analysis of a medical opinion. AR 310-11; see, e.g., Steward v. Astrue, 2012 WL 4210624, at *4 (D. Or. Sept. 19, 2012) (claimant waived argument not raised before Appeals Council). Nonetheless, the Court declines to find a waiver and addresses Plaintiff's contentions.

The Court also notes the ALJ did not reject Plaintiff's testimony in full. Rather, the ALJ found it "not entirely" consistent with the record and found Plaintiff was limited to less than the full range of light work, which necessarily credited much of Plaintiff's subjective complaints. AR 35-37. However, as explained below, to the extent the ALJ did not further credit aspects of Plaintiff's testimony, he provided legally sufficient reasons for doing so.

First, the ALJ found that the record lacked noteworthy physical deficits. AR 37. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [her] credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins, 261 F.3d at 857. For example, (1) in the year before the alleged onset, a series of x-rays of Plaintiff's back, knees, and elbows showed "mild" and "normal" findings, including "mild narrowing of the medial knee compartment," mild cervical disc narrowing, "mild spondylosis" in her lumbar spine, and "mild scoliosis" in her thoracic spine (AR 340-45); (2) the day before her alleged onset date, and about a month into the relevant period, Plaintiff had two physical examinations that showed entirely "normal" findings (AR 371-73); (3) July, August, and December 2016 examinations were also unremarkable (AR 389-90, 391-94); (4) an examination in September 2016 stated Plaintiff's "[p]ast podiatric history is unremarkable," and revealed only tenderness in Plaintiff's left foot (AR 383-84); and (5) a May 2018 examination

also recorded entirely normal findings (AR 397-98). As these are supported by the record, the ALJ properly considered the inconsistency between Plaintiff's subjective symptom complaints and the lack of supporting noteworthy objective findings as one of at least two valid factors supporting the decision. See Burch, 400 F.3d at 681.

A second reason discussed by the ALJ is control of her symptoms. AR 37-38; see Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling."); see also Lindquist v. Colvin, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled by medication). This is also supported by the record. Plaintiff's podiatrist stated that he did not consider her foot condition "permanent" as it "respon[ds] well to treatment." AR 38, 384. Additionally, the ALJ noted Plaintiff's various reports of pain to her physicians, which were generally mild, including pain level "4/10" in September 2015 (AR 373), "1/10" in July 2016 (AR 389), "3/10" in December 2016 (AR 393), and although she had bilateral foot swelling in December 2017, she said it "resolves moderately as [the] day progresses," reported pain level "0/10," and specifically "denie[d] any paresthesia[], pain, and any other [signs and symptoms]" (AR 395). The ALJ also noted Plaintiff's testimony that she has flare-ups once a month, and she also conceded they are less frequent now. AR 54-55. See Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation, prior inconsistent statements, and testimony by the claimant that "appears less than candid"); Colter v. Colvin, 554 F. App'x 594, 596 (9th Cir. 2014) (ALJ properly discounted claimant's credibility in part because her testimony was undermined by her own admissions).

Plaintiff's argument here largely focuses the ALJ's stated reasons that the

10

record contains a lack of "noteworthy mental status deficits" and ongoing formal mental health treatment, which Plaintiff contends are invalid as her testimony primarily focused on physical pain. Jt. Stip. at 8-9. However, the Commissioner does not defend these reasons, or the reason that Plaintiff was able to work in 2008 or 2011 with fibromyalgia, a time period well before the alleged onset date. See Kinley v. Astrue, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response."); see also Townsend v. Monster Beverage Corp., 303 F. Supp. 3d 1010, 1036 (C.D. Cal. 2018) ("The Court's role is not to make or develop arguments on behalf of the parties . . . .").

    The Court need not decide whether these additional reasons were proper. Even assuming, without deciding, the ALJ may have erred in his remaining reasoning, any error would be harmless considering the other valid reasons for rejecting the testimony. See Reyes v. Berryhill, 716 F. App'x 714, 714 (9th Cir. 2018) (where ALJ provided valid reasons for finding claimant's testimony not entirely credible, "[a]ny error in other reasons provided by the ALJ was harmless"); Batson, 359 F.3d at 1197; Williams v. Comm'r, Soc. Sec. Admin., 2018 WL 1709505, at *3 (D. Or. Apr. 9, 2018) ("Because the ALJ is only required to provide a single valid reason for rejecting a claimant's pain complaints, any one of the ALJ's reasons would be sufficient to affirm the overall credibility determination.").

    The Court finds the ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, that is, its inconsistency with the medical evidence and Plaintiff's response to treatment. Those grounds are sufficient to affirm the ALJ's decision on the issue.

    Accordingly, reversal is not warranted.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: August 28, 2020

_____
JOHN D. EARLY
United States Magistrate Judge